Joseph J. Murray, by his last will and testament, devised to his daughter, Martha M. Murray, a plantation on Edisto Island, called Chapel Hill, during her natural life, remainder, in fee, to the children she might have living at the time of her death. Martha, the daughter, afterwards intermarried with the defendant, John Hannahan, who being in possession of the said plantation, contracted to sell to C. Miller, the assignor of the complainant, three acres, part thereof; and communicated to him at the time, the the nature of the interest which he had in it, and the limitation over to the children of Martha. In pursuance of this agreement, Hannahan, on the 7th April, 1835, in consideration of $300, being more than its reasonable value, conveyed to the said Charles Miller, the said three acres, lying immediately on a public road, leading through the Island, then wholly unimproved, and remote from the improvements on the plantation. This conveyance purports to convey the fee simple, and contains the usual covenant of warranty. The better to secure the said C. Miller, against the claims of the children of the said Martha, the defendant, Hannahan, on the 14th of May, 1835, made a bond to him in the penalty of $4000, conditioned, “ that in case the children of the said John Hannahan, or either of them, shall make claim to said lands, or evict the said Charles Miller, or his legal representatives, from the same, he, the said John Hannahan, his heirs, executors and ad- *353 sninistrators, shall, and will, well and truly pay hack, and refund to the said Charles Miller, his heirs, executors and administrators, the amount of the purchase money, and the value of the buildings, that may be on the premises at the time of eviction.”
Miller purchased the land with a view to erect store houses and other buildings thereon, for the purpose of carrying on a mercantile .business there, which was known to defendant, Hannahan, at the time of the purchase ; and Miller, accordingly, made extensive improvements, at considerable expense. Martha, the wife of defendant, after-wards died, leaving four children, all of whom» are still alive, and under age, and all parties defendant in this bill. Miller, having become involved in debt, on the 22d November, 1839, made an assignment of all his estate, real and personal, for the benefit of his creditors, to the complainants, who have accepted the trust; and in the execution thereof, on the 9th December, 1339, contracted with the defendant, Alexander Calder, to sell him the premises, at .$9500, who took, and is now in the possession thereof, and is ready and willing to perform his part of the agreement, if the title to the land can be perfected.
The complainants concede, that the fee is vested in possession, in the children of Martha, and they complain, that by reason thereof, they are unable to enforce their contract with Calder, or to treat with the children, for the purchase of their rights, on account of their minority, nor can they enforce their bond of indemnity against the defendant, Hannahan, because the children cannot, by reason of their infancy, or may not, choose to make claim for, or evict Calder from the land.
Such is the case made by the bill, and complainants pray, that the children may be decreed to elect to affirm the contract made by their father, defendant, Hannahan, on the terms, and for the consideration expressed in the conveyance, or for such other, as maybe deemed reasonable; ■or that they may be decreed to disaffirm the same; and in that event, that such order may be made in the premises, as will enable the complainants to .enforce the bond of indemnity of defendant, Hannahan. To this is added .a prayer of general relief.
*354 None of the defendants have answered, and Hannahan alone has demurred to the bill. Various causes of demurer are set down and relied on, all of which are resolvable into the question, whether the Court can, or ought to decree, that the children shall perform the contract of their father, and guardian, (for it, seems he is also guardian,) for the sale of the lands, or to disaffirm it and sue for the recovery of them; and this depends on’ principle, the truth and application of which, to the case in hand, cannot be well mistaken.
A parent, or guardian, has no more power to dispose of the fee, or the real estate, of his child, or ward, than a stranger ; nor is the child or ward, more bound by such a disposition, than if it had been made by a stranger ; and it is equally certain, that no one can be compelled to perform a contract, to which he is not a party, although it may be for his own benefit. Take the case of a stranger, who undertakes to sell to another the lands of his neighbor, (of full age, and competent to think and act for himself,) at ten times its estimated value, and as an inducement to his affirming it, offers him ten times more, and he rejects it, was it ever heard, that he could be compelled to take it í And, in principle, that is this very case.
The power which the Court habitually exercise, of decreeing the alienation of the real estate of infant wards, is relied on as authority for the relief prayed for.
That power is never exercised, but upon the fullest conviction that the infant is to be benefited by it; and for myself, I have never made an order, for the sale of an infant’s real estate, and directed the investment of the proceeds in chattels, or the ordinary money securities, without the apprehension that I was jeopardizing his rights. But is this claim for the benefit of the infant defendant ? It is said, and no doubt the truth is so, that the sum paid, ($300,) was much more than the value of the land, at the time of the sale. But is that the sum of their interest? At the moment the life estate terminated, the land, with all the fixtures upon it, vested in them, as obsolutely as if had descended to them, in the condition it was, through an,hundred generations ; and from that moment, the occupants were naked, undisguised trespassers, andtheless tobe *355 commiserated, as they knew it. Such would he the condition of parties acting sui juris, and there is no reason why infants should be placed in a worse condition; on the contrary, their rights is an object of the peculiar care, and demand the anxious solicitude of the Court, and if this was a matter, over which the Court could exercise any control, the infant defendants ought not to be divested of their rights in their lands, but on the condition of receiving their present estimated value, and not then, but upon the reasonable certainty, that the amount could be invested in something else, more to their benefit.
There are cases, in which the Court has exercised the power of ordering suits at law; but it is only in those cases, where it is indispensably necessary to the determination of some right depending there, over which the Court has jurisdiction; but no precedent or authority will be found for a bill, to compel one party to sue at law, that the defendant may have another action at law against the plaintiff. Divest the case of the feature in it, before disposed of, and the remaining prayer of the bill is, that the defendant, Hannahan, may be compelled to violate his contract with Miller, to enable the complainant to maintain an action at law, against him. But let us look into the merits of this claim.
The conveyance from Hannahan to Miller contains a general warranty ; Miller well knowing at the time, that the only interest which he had in it, was an estate for the life of his wife. On this warranty he could not recover, until he was evicted, and then only the amount of the purchase money; such is the legal effect of the warranty. Not content with this, he accepts a bond, in a penalty exceeding thirteen times the amount of the purchase money, conditioned to refund the purchase money, and pay for the improvements, if the children of Hannahan, in whom it is conceded the title is, should make claim to, or evict him from the lands. These are the terms and conditions, stipulated for by Miller. They have not been broken, and the Court disclaims the power to superadd others, or to compel Hannahan, or any one else, to violate them for the purpose of enabling the complainant to maintain an action against him. On a superficial view of the case, it has the *356 appearance of hardship, but it may be, that the children, when they attain full age, in respect to the obligations of their parent may release their interest, or never make claim to the land ; and it may be, that they may all die unmarried,, and without issue, and the descent be cast on Hannahan. It maybe otherwise, and Miller’s'creditors may suffer loss by it. But the right of property would be utterly annihilated, if the Courts were allowed to exercise the power of relieving a man from a contract made, when in the full possession of all his faculties, and with a perfect knowledge of the law and the fact; and especially when, as-in this case, he had stipulated for an indemnity against the very danger which he apprehends; let him look to that.
It is ordered and decreed, that complainants’ bill be dismissed with costs.
The complainants appealed from the decree, and moved that it be modified for the following, among other reasons :
1. Because the Court of Chancery, in South Carolina, stands in the place of all infants, as to all questions touching their interests, and may make such order and decree, in relation to their rights, as to the said Court may seem expedient.
2. Because the defendant, Hannahan, at the time of the contract of sale, between himself and Miller, was the tenant for life, in possession of the land, and guardian of his children, the remaindermen; and, as such, was the proper party to contract with, as to all interests in the land, and best qualified to act for the interest of all concerned in the land.
3. Because the contract of sale was for the benefit of the children, and the complainants are willing, and tender to pay to them, the amount of the purchase money, or such other amount as may be decreed to be a, full compensation for the land, exclusive of the improvements.
4. Because the creditors of Miller are entitled to the favorable consideration of this Court, and having but one fund to which they can resort for payment, viz : the assets of Miller, they would be entitled to the aid of this Court, to compel the children of Hannahan, if they were adults,. *357 to elect whether they would eject the assignees, or confirm the title to Miller.
Memminger, for the appellants,
J. M. Walker, for ap-pellees.
Memminger, for appeal.
1 Malloy, 141; the Court stand in loco the guardian of infants, and may exercise a discretionary interest over their estate; 1 Jacob & Walker, 627, Bradshaiv vs. Bradshaw. The commissioner increased the allowance of a minor, to enable him to provide for an illegitimate brother, 1 Malloy, 256; reasonable family charities allowed out of infant’s estates.
5. Because the advantage proposed to the minor children of Hannahan, by delaying to elect, is against equity, and this Court, having the care of their estates, should prevent it.
6. Because, by the delay of the infants to elect, , complainants are deprived of any beneficial use of the land, while the infants are not benefited; and by continued delay, while all advantage to the minors may be defeated, irreparable mischief is effected to the creditors of Miller.